Kristin Kemnitzer, CSB #278946
Email: kristin@kbklegal.com
KEMNITZER, BARRON & KRIEG
42 Miller Avenue, 3rd Floor
Mill Valley, California 94941
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

*Attorneys for Plaintiffs*
[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| ERYN LEARNED, RHETT FUSSELL, DENNIS MONTALBANO, IRIS SHEEHAN and DOUGLAS SHEETS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE MCCLATCHY COMPANY<br><br>Defendant. | No. 2:21-cv-01960-KJM-JDP<br><br>**UPDATED JOINT STATUS REPORT**<br><br>The Honorable Kimberly J. Mueller<br><br>DATE:     September 8, 2022<br>TIME:     2:30 PM<br>LOCATION: Courtroom 3 (via videoconference) |

Plaintiffs Eryn Learned, Rhett Fussell, Dennis Montalbano, Iris Sheehan, and Douglas Sheets (collectively, "Plaintiffs") and Defendant The McClatchy Company ("Defendant" or "McClatchy") (collectively, Plaintiffs and Defendant are the "Parties") submit this updated Joint Status Report in compliance with the Court's June 29, 2022 Minute Order. ECF No. 49

On January 26, 2022, the Parties filed a Joint Status Report and Discovery Plan ("JSRDP"). ECF No. 38. In the JSRDP, the Parties proposed that all case deadlines be postponed until the Court has ruled on Defendant's Motion to Compel Arbitration. On May 26, 2022, the Court denied

UPDATED JOINT STATUS REPORT - 1
Case No. 2:21-cv-01960-KJM-JDP

Defendant's Motion to Compel Arbitration. ECF No. 46. The Parties subsequently stipulated to Plaintiffs filing a First Amended Complaint (ECF No. 50), the Court granted that request (ECF No. 51), and Plaintiffs filed their First Amended Complaint on August 10, 2022 (ECF No. 53). The Parties stipulated, and the Court ordered, that Defendant's response to the First Amended Complaint is due within 44 days of August 10, 2022. ECF No. 56.

Now that the Court has ruled on Defendant's Motion to Compel Arbitration and this case is moving forward, the Parties submit this updated JSRDP.

(a)   <u>Summary of the Claims and Legal Theories</u>. Plaintiffs are each former subscribers to McClatchy's newspapers. After subscribing for a period, each terminated their subscriptions, ending their relationships with McClatchy. Despite having terminated their relationships with McClatchy, McClatchy called Plaintiffs, soliciting them to renew their subscriptions. Plaintiffs were not interested and repeatedly asked McClatchy to stop calling. Despite unequivocal requests for McClatchy to halt the telemarketing calls, McClatchy continued to call them.

Plaintiffs allege the calls McClatchy made to Plaintiffs after they terminated their subscriptions violate the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq. ("TCPA"), both because Plaintiffs had each registered their telephone number on the National Do Not Call Registry when McClatchy called to solicit their business, and because each also made numerous "do not call" requests. The TCPA and implementing regulations prohibit these types of calls and provide a private right of action. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), (d). Plaintiffs pursue their claims on behalf of themselves and similarly situated class members. Plaintiffs are in the process of responding to McClatchy's discovery requests and subpoenaing their telephone records from their cellular carriers. Plaintiffs are confident that their TCPA claims have merit and

will continue to engage in the discovery process.

McClatchy has at all times denied Plaintiffs' allegations. McClatchy first moved to compel arbitration on an individual basis pursuant to the arbitration provision in its Terms of Service. Each of the Plaintiffs agreed to be bound to McClatchy's Terms of Service when they subscribed to a McClatchy-owned publication. Upon subscribing, Plaintiffs further provided the requisite consent to receive calls from McClatchy. McClatchy's Motion to Compel Arbitration was denied, but the merits of Plaintiffs' claims have not been ruled on. Both Plaintiffs Robert Kelly and Karen Wano voluntarily dismissed their claims against McClatchy after McClatchy established a predecessor entity may have placed the calls. Plaintiffs filed a First Amended Complaint removing Plaintiffs Robert Kelly and Karen Wano and adding four new Plaintiffs. McClatchy continues to deny that Plaintiff Eryn Learned and these new Plaintiffs have a TCPA claim.

McClatchy has continued efforts to meet and confer with Plaintiffs regarding the merits of their claims. In connection with its Motion to Compel Arbitration, McClatchy provided Plaintiffs with documents that it claims confirms that it collects the requisite prior express invitation or permission to call subscribers and has policies and procedures in place to honor subscribers' revocation of their consent to be called, among other things. *See* 47 C.F.R. § 64.1200(c)(2), (f)(15). McClatchy contends that Plaintiffs continue to erroneously conflate cancelling their subscription to a McClatchy publication and confirming no interest in renewing their subscription to revocation of consent to receive telephone solicitation or telemarketing calls from McClatchy. See, e.g., Compl. ¶¶ 55-60, 70-74, 83-87, 98-101, 109-112, 118-120; *compare to Van Patten v. Vertical Fitness Group, LLC*, 847 F. 3d 1037, 1047-48 (9th Cir. 2017) ("Revocation of consent must be clearly made and express a desire not to be called or texted.")).

UPDATED JOINT STATUS REPORT - 3
Case No. 2:21-cv-01960-KJM-JDP

Defendant's response to the First Amended Complaint is due by September 23, 2022, and McClatchy expects to file a Motion to Dismiss and Motion to Strike any claims that remain.

(b) <u>Service of Process</u>. The Parties agree that Defendant was properly served.

(c) <u>Joinder of Additional Parties</u>. The Parties do not contemplate the joinder of additional parties.

(d) <u>Amendment of Pleadings</u>. The Parties reserve the right to make amendments if and when appropriate, and as permitted by court rules.

(e) <u>Statutory Bases for Jurisdiction and Venue</u>.

Plaintiffs contend that the Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendant because the company is headquartered in Sacramento. On October 5, 2021, the United States District Court for the Western District of Washington granted Defendant's Motion to Transfer Venue to this district. McClatchy contends below that it will win on the merits and that, accordingly, this Court lacks subject matter jurisdiction. Plaintiffs disagree with both the premise (that McClatchy will win on the merits) and the conclusion (that the possibility Plaintiffs might lose deprives the Court of subject matter jurisdiction). Plaintiffs also disagree that they have any obligation to provide on an expedited basis before the deadline to respond to McClatchy's discovery requests. Finally, Plaintiffs strongly disagree that they have not complied with Rule 11. Plaintiffs will respond to McClatchy's discovery requests by the deadline set by the Federal Rules.

McClatchy continues to dispute the Court's subject matter jurisdiction. The current Plaintiffs lack standing because they do not have a concrete injury because Plaintiffs did not receive a telephone solicitation call from McClatchy after they revoked consent to be called and,

if they did, it was in "error" notwithstanding McClatchy's compliance with 47 C.F.R. § 64.1200(c)(2)(i)i). *See Johansen v. Efinancial LLC*, 2022 U.S. Dist. LEXIS 8798, *12-15 (W.D. Wash. Jan. 18, 2022). As noted above, both Plaintiffs Robert Kelly and Karen Wano voluntarily dismissed their claims. On August 25, 2022, McClatchy conveyed to Plaintiffs that it and its vendors contend that they have located no business records or other evidence of certain calls alleged in the First Amended Complaint. ECF 53, ¶¶ 79, 102-104. McClatchy has likewise been unable to locate any business records reflecting the July 2021 call Plaintiff Eryn Learned for the first time alleged in the First Amended Complaint. ECF 53, ¶ 65. When asked for evidence supporting the factual allegations about calls received, Plaintiffs' counsel confirmed that Plaintiffs will stand on their allegations. On August 25, 2022, as the Parties were preparing this JSRDP, Plaintiffs provided McClatchy with information about the Plaintiffs' carriers and other information they purportedly relied on in connection with the allegations in the Complaint and First Amended Complaint. When it did not receive the information it had requested, McClatchy propounded narrowly tailored written discovery on August 19, 2022, seeking evidence related to Plaintiffs' allegations about calls purportedly placed by McClatchy and the names of Plaintiffs' carriers so that McClatchy can serve subpoenas to collect Plaintiffs' call records.

    (f)    <u>Anticipated Discovery and Scheduling of Discovery</u>.

The initial Rule 26(f) conference took place on January 26, 2022. Plaintiffs were represented by Jennifer Murray and Adrienne McEntee of Terrell Marshall Law Group PLLC and Raina Borrelli of Turke & Strauss LLP. Defendant was represented by Amy Pierce of Lewis Brisbois Bisgaard & Smith LLP.

    (1)    <u>Timing of Disclosures under Rule 26(a)</u>.

UPDATED JOINT STATUS REPORT - 5
Case No. 2:21-cv-01960-KJM-JDP

Plaintiff believes that that initial disclosures should be exchanged by September 22, 2022.

McClatchy believes that initial disclosures should be exchanged 30 days after the Court rules on its anticipated Motion to Dismiss and Motion to Strike or on a Motion for Summary Judgment on the TCPA safe harbor," if the Court declines to rule on this issue when ruling on McClatchy's Motion to Dismiss.

(2) <u>Subject Matter and Anticipated Completion Deadline</u>. Plaintiffs anticipate the subjects of discovery will include: (1) Defendant and/or third-parties' call data regarding Plaintiffs and class members; (2) identification of class members; (3) Defendant's policies and procedures regarding TCPA compliance; (4) Defendant's affirmative defenses; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third-parties that may have relevant information surrounding this matter. Plaintiffs oppose phased discovery.

McClatchy believes that this matter should not proceed as a class action because of the lack of common evidence to prove common claims, which would necessarily cause this Action to devolve into individualized inquiries. Completion of class discovery before a class is certified is unwarranted because the burden and expense of class discovery, which would fall predominately on McClatchy, would outweigh any benefit for discovery that would only be relevant if a class could be certified. Fed. R. Evid. 26(b)(1). In connection with its Motion to Compel Arbitration, McClatchy provided evidence that every subscriber provides the requisite "prior express invitation or permission," in "a signed, written agreement" (47 C.F.R. § 64.1200(c)(2), (f)(15) and each Plaintiff admits that they subscribed to a McClatchy publication

(FAC, ¶¶ 53, 69, 83 . 96, 108). Therefore, the central legal issues in this Action will be whether Plaintiffs revoked consent to receive telephone solicitation and telemarketing calls from McClatchy (*Van Patten*, 847 F. 3d at 1047-48 (Court held that Van Patten did not revoke his consent to be called by cancelling his gym membership), and actually received a call from McClatchy thereafter, and whether Plaintiffs' claims are otherwise barred by the "safe harbor" set forth in the TCPA (47 C.F.R. § 64.1200(c)(2), (f)(15); *Johansen*, 2022 U.S. Dist. LEXIS at, *12-15). *See, e.g., In re Seagate Tech. LLC Litig.*, 326 F.R.D. 223, 239, 245-46 (N.D. Cal. 2018) (Denying a motion for class certification, the court confirmed that the issue is "not whether Plaintiffs [can] produce, in aggregate, evidence on which a finder of fact could conclude" that the putative class members have Article III standing, "but rather that even if a factfinder could reach such [conclusions] it would not be based on common evidence[.]" ); *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-JCS, 2019 U.S. Dist. LEXIS 10234, *6-7 (N.D. Cal. Jan. 22, 2019) (Court again declined to certify a class); *Trenz v. On-Line Admin'r, Inc.*, No. 15-8356, 2020 WL 5823565, ** 3, 6, 7 (C.D. Cal. Aug. 10, 2020); *Revitch v. Citibank, N.A.*, No. C 17-06907 WHA, 2019 U.S. Dist. LEXIS 72026, *12-13 (N.D. Cal. Apr. 28, 2019).  If the Court declines to rule on the "safe harbor" issue in McClatchy's Motion to Dismiss, McClatchy believes that this legal issue should be addressed in a Motion for Summary Judgment, prior to any Motion for Class Certification or Motion to Deny Class Certification.

   (3)   <u>Changes to Limitations on Discovery under Civil Rules</u>.  At this time, Plaintiffs do not believe that any changes to the limitations on discovery outlined in the Civil Rules are necessary. Plaintiffs oppose McClatchy's request to phase discovery because merits and class discovery will significantly overlap here, delaying class certification discovery would be contrary

UPDATED JOINT STATUS REPORT - 7
Case No. 2:21-cv-01960-KJM-JDP

to Rule 23's requirement that certification be decided at "an early practicable time," phasing would not serve judicial economy, and McClatchy would not be prejudiced by conducting class-related discovery at this stage, which would largely consist of easily-identifiable call records.

Given that the burden of discovery will fall predominantly on it, McClatchy believes that discovery should be phased based upon information reasonably necessary to permit the Parties to protect and defend their clients interests during the particular phase of the Action. This includes, in particular, class discovery because the burden and expense of class discovery would outweigh any benefit before a class is certified, if one can be certified. Fed. R. Evid. 26(b)(1). Contrary to what Plaintiffs contend herein, whether the Plaintiffs or putative class members currently included in Plaintiffs' two class definitions revoked consent to be called and whether the safe harbor bars their claims is not discernable from "easily-identifiable call records." This is not an Action that involves everyone who received more than one call from McClatchy. Plaintiffs' National Do Not Call Registry Class includes, in part, all persons whose "who had previously asked for the calls to stop or had not had a subscription with the Defendant for at least 18 months or who had not inquired about Defendant's services within the 3 months preceding." *Id*. ¶ 123. Plaintiffs' Internal DNC Class includes, in part, all persons to "(3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop." *Id.* As demonstrated by Plaintiffs' Complaint and First Amended Complaint, in many cases, a subscriber confirms only that they are not interested in renewing their subscription. Under binding Ninth Circuit law, this is not revocation of consent to be called. *See Van Patten*, 847 F. 3d at 1047-48 ("We hold that although consumers may revoke their prior express consent, Van Patten's gym cancellation was not effective in doing so here."). Plaintiffs have no plan regarding how they will

UPDATED JOINT STATUS REPORT - 8
Case No. 2:21-cv-01960-KJM-JDP

identify with "common evidence" and without individualize inquiries who is and who is not a putative class member. From Plaintiffs' class definitions, it is readily apparent that individualized analysis will be required for each person Plaintiffs think might be a putative class member. Rule 26(b)(1) does not condone this sort of burdensome and expensive discovery, especially when the burden and expense will be born by one party. Contrary to Plaintiffs' contention, completion of class discovery is not required for the Court to rule on a Class Certification Motion. McClatchy is not arguing that Plaintiffs are not entitled to evidence that is reasonably necessary for them to file a Motion for Class Certification. All class discovery is not reasonably necessary for this purpose and it certainly is not warranted at this juncture given the legal issues that Plaintiffs must first overcome.

(4) <u>Expert Witness Disclosures</u>.  At this time, the Parties do not believe that any changes to the expert witness disclosure deadlines in Rule 26(a)(2) are necessary.

(5) <u>Discovery Cutoff</u>.

Plaintiffs propose a fact discovery deadline of May 26, 2023.

Defendants propose that a fact discovery deadline be set sufficiently far enough out to enable the Parties to engage in the proposed motion practice set forth above before completing discovery that may prove to be unnecessary. This deadline will depend upon when the Court agrees to rule on the "safe harbor" issue.

(g) <u>Contemplated Dispositive or Other Motions and Proposed Deadlines</u>. Defendant expects to file a Motion to Dismiss and Motion to Strike and, if Plaintiff's claims survive, Plaintiffs will move for class certification following discovery. McClatchy believes that, if the Court declines to rule on the "safe harbor" issue as part of its ruling McClatchy's Motion to Dismiss, McClatchy

should be permitted to brief the issue in a Motion for Summary Judgment prior to any class certification briefing.

Plaintiffs believe that discovery should commence immediately, and propose the following schedule:

| Event | Deadline |
|---|---|
| Close of Fact Discovery | May 26, 2023 |
| Plaintiffs' Expert Reports | June 26, 2023 |
| Defendant's Expert Reports | July 26, 2023 |
| Plaintiffs' Motion for Class Certification | August 25, 2023 |

McClatchy proposes the following schedule:

| Event | Deadline |
|---|---|
| Motion for Summary Judgment on Safe Harbor Issue | Within 90 Days After the Court Rules on the Safe Harbor Issue |
| Plaintiffs' Expert Reports | 30 Days Before the Due Date for Plaintiffs' Motion for Class Certification |
| Defendant's Expert Reports | 30 Days Before the Due Date for Plaintiffs' Motion for Class Certification |
| Plaintiffs' Motion for Class Certification | Within 60 Days After the Court Rules on the Safe Harbor Issue |
| Close of Fact Discovery | 60 Days After Court Rules on Motion for Class Certification/Motion to Deny Class Certification |

(h)     <u>Evidentiary Topics</u>. The Parties will confer regarding methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations

UPDATED JOINT STATUS REPORT - 10
Case No. 2:21-cv-01960-KJM-JDP

or restrictions on the use of testimony under Federal Rule of Evidence 702. Defendant believes that no class can be certified because of the individualized inquiries that will be required to determine, among other things, whether a putative class member revoked consent to be communicated with by Defendant and thereafter received a telephone solicitation or telemarketing call from McClatchy, and whether Plaintiffs' claims are barred by the "safe harbor" in the TCPA.

(i) <u>Pretrial Conference</u>. The Parties propose that entry of a full trial management schedule be postponed until the Court has ruled on Plaintiff's Motion for Class Certification and the "safe harbor" issue.

(j) <u>Trial Date and Estimated Trial Length</u>. The Parties propose that entry of a full trial management schedule, including the proposed trial date and number of days for trial, be postponed until the Court has ruled on Plaintiffs' Motion for Class Certification and the safe harbor issue. Should the Parties proceed to trial, Plaintiffs have demanded a jury.

(k) <u>Appropriateness of Special Procedures</u>. At this time, the Parties do not believe that the use of any special procedures would be appropriate.

(l) <u>Modifications of Pre-Trial Procedures</u>. None.

(m) <u>Related Cases</u>. At this time, the Parties are not aware of any related cases.

(n) <u>Settlement Conference</u>. The Parties agree to confer regarding whether a settlement conference would be appropriate at this stage. Otherwise, the Parties are amenable to a settlement conference convened by a member of the Court's Voluntary Dispute Resolution Panel once sufficient discovery has been completed to permit meaningful negotiations about resolution of the Action.

1   RESPECTFULLY SUBMITTED AND DATED this 25th day of August, 2022.

2   TURKE & STRAUSS LLP                                LEWIS BRISBOIS BISGAARD & SMITH

3   By: /s/ Samuel J. Strauss                          By: /s/ Amy L. Pierce
    Samuel J. Strauss (*pro hac vice*)                 (as authorized on August 25, 2022)
4   sam@turkestrauss.com                               Amy L. Pierce, CSB #210593
    Raina Borrelli (*pro hac vice*)                    Email: amy.pierce@lewisbrisbois.com
5   raina@turkestrauss.com                             John Stuart Poulos, CSB #154689
    TURKE & STRAUSS LLP                                Email: john.poulos@lewisbrisbois.com
6   936 North 34th Street, Suite 300                   2020 W El Camino Avenue, Suite 700
    Seattle, WA 98103                                  Sacramento, California 95833
7   Telephone: (608) 237-1775                          Telephone: (916) 564-5400
    Facsimile: (608) 509-4423                          Facsimile: (916) 564-5444

8
    Beth E. Terrell, CSB #178181                       *Attorneys for Defendant*
9   Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, *Admitted Pro Hac Vice*
10  Email: jmurray@terrellmarshall.com
    Adrienne D. McEntee, *Admitted Pro Hac Vice*
11  Email: amcentee@terrellmarshall.com
    936 North 34th Street, Suite 300
12  Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
13  Facsimile: (206) 319-5450

14  Kristin Kemnitzer, CSB #278946
    Email: kristin@kbklegal.com
15  KEMNITZER, BARRON & KRIEG
    42 Miller Avenue, 3rd Floor
16  Mill Valley, California 94941
    Telephone: (415) 632-1900
17  Facsimile: (415) 632-1901

18  Anthony I. Paronich, *Admitted Pro Hac Vice*
    Email: anthony@paronichlaw.com
19  PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
20  Hingham, Massachusetts 678437
    Telephone: (617) 485-0018
21  Facsimile: (508) 318-8100

22  *Attorneys for Plaintiffs*

23

24  UPDATED JOINT STATUS REPORT - 12
    Case No. 2:21-cv-01960-KJM-JDP

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that on August 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Amy L. Pierce, CSB #210593
>Email: amy.pierce@lewisbrisbois.com
>John Stuart Poulos, CSB #154689
>Email: john.poulos@lewisbrisbois.com
>LEWIS BRISBOIS BISGAARD & SMITH
>2020 W El Camino Avenue, Suite 700
>Sacramento, California 95833
>Telephone: (916) 564-5400
>Facsimile: (916) 564-5444
>
>*Attorneys for Defendant*

DATED this 25th day of August, 2022.

By: /s/ Samuel J. Strauss
Samuel J. Strauss