UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KELLY, et al., | No. 2:21-cv-01960-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANT'S REQUEST TO SEAL |
| MCCLATCHY COMPANY LLC, | (Doc. No. 69) |
| Defendant. | |

On October 4, 2022, defendant filed a notice of its request to seal a certain two-page document produced in discovery, bearing the Bates stamp McClatchy000100–101, which plaintiffs have attached as Exhibit A to the declaration of attorney Jennifer Murray filed in support of their opposition to defendant's pending motion to dismiss. (Doc. No. 69.) Plaintiff submitted an opposition to defendant's request to seal. For the reasons explained below, the court will deny defendant's request to seal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*,

447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.[2]

/////

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

[2] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

1   "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when
2   such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to
3   gratify private spite, promote public scandal, circulate libelous statements, or release trade
4   secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the
5   production of records may lead to a litigant's embarrassment, incrimination, or exposure to
6   further litigation will not, without more, compel the court to seal its records." *Id.* The
7   'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
8   previously filed under seal or protective order." *Id.* at 1178–79.

## ANALYSIS

10  Because defendant requests sealing in connection with plaintiffs' opposition to its motion
11  to dismiss, the "compelling reasons" standard plainly applies. Yet, defendant appears to invoke
12  the "good cause" standard in its request, stating that "good cause exists" to seal the document
13  Bates-stamped McClatchy 000100-101. (Doc. No. 69 at 2.) The only reasons provided by
14  defendant in support of its request to seal is that the "document is a confidential business record
15  executed by and between [defendant] McClatchy and one of its telemarketing services vendors,
16  which includes non-public, confidential and trade secret information about [defendant]
17  McClatchy's business relationship with its vendors," and "[d]isclosure of this document would
18  expose [defendant] McClatchy to and likely result in a competitive disadvantage to it." (*Id.*)
19  However, as plaintiffs note in their opposition, the two-page document itself does not
20  appear to be a contract or agreement executed by or between any entities—there are no signature
21  lines and no designation of parties or any other language suggesting that this is a confidential
22  vendor contract. Rather, the document itself is entitled "Biscayne Marketing Do Not Call Policy
23  and Procedure" and contains six paragraphs of procedures established in an effort to ensure the
24  vendor's representatives comply with applicable "Do Not Call" laws (e.g., a procedure specifying
25  the hours of the day during which representatives may initiate phone calls). Other than the
26  "confidential" designation added to the document prior to its production in discovery, there is no
27  indication in the document that it is intended to be kept confidential or contains sensitive trade-
28  secret information. Defendant's conclusory assertions that the document consists of "confidential

and trade secret information" and that it public disclosure "would likely result in a competitive disadvantage," are plainly insufficient to satisfy its burden to articulate compelling reasons that justify sealing the document at issue. *See Hodges v. Apple Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Dunbar v. Google, Inc.*, No. 12–cv–003305–LHK, 2012 WL 6202719, at *7 (N.D. Cal. Dec. 12, 2012) (denying defendants' request to seal because "Google fails to explain how disclosure of the information in Exhibit A would provide competitors with an 'unfair advantage in designing their own systems'"). If defendant contends that public disclosure of its vendors Do Not Call policy will cause defendant harm, it is required to provide a factual basis for that assertion. Defendant has made no effort to do so here.

Because defendant has failed to come forward with compelling reasons that would justify the requested sealing, defendant's request to seal (Doc. No. 69) will be denied.

## CONCLUSION

For the reasons explained above,

1. Defendant's request to seal (Doc. No. 69) is denied;
2. Plaintiffs shall file the unredacted version of their opposition (Doc. No. 70) to the pending motion to dismiss; and
3. Plaintiffs shall refile the Murray declaration (Doc. No. 71) with the attachment of Exhibit A, the document bearing the Bates stamp McClatchy000100–101.

IT IS SO ORDERED.

Dated: **October 21, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

4